# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1248V
Filed: January 28, 2016
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| BERTHA HIXSON, | * |
| | * |
| Petitioner, | *   Ruling on Entitlement; Concession; |
| | *   Influenza ("Flu") Vaccination; |
| | *   Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | *   Administration ("SIRVA"); Special |
| AND HUMAN SERVICES, | *   Processing Unit ("SPU") |
| | * |
| | * |
| Respondent. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., White Plains, NY, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On October 26, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered "left shoulder injuries [which] were caused-in-fact by her October 4, 2014 influenza vaccination." Petition, ¶24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 22, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, respondent "has concluded that petitioner's alleged injury is consistent with SIRVA [a shoulder injury related to vaccine administration]; that a

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

preponderance of the evidence establishes that her SIRVA was caused-in-fact by the flu vaccination she received on October 4, 2014; and that no other causes for petitioner's SIRVA were identified."[3] *Id.* at 2-3. Respondent agrees that petitioner has satisfied the "statutory six month sequela requirement." *Id.* at 3. Respondent further agrees that "based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Respondent indicates that "[a]lthough the Petition specifies a list of various injuries alleged to have affected petitioner's shoulder, including brachial neuritis, the record does not support diagnoses such as brachial neuritis." Respondent's Rule 4(c) Report at 3, n.1.